UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SARAH DILLARD, § | |
| *Plaintiff* § | |
| § | |
| v. § | No. 1:22-cv-01215-DH |
| § | |
| INTERNACIONAL REALTY § | |
| MANAGEMENT, LLC & L. § | |
| MIGUEL ARCE, § | |
| *Defendants* § | |

## ORDER

Before the Court are Defendants Internacional Realty Management, LLC and L. Miguel Arce's Motion for Leave to Exceed Page Limitation and Motion for Leave to File Surreply, Dkts. 31, 32. Having considered the parties' arguments, the evidence, and the relevant caselaw, the Court will grant the Motion for Leave to Exceed Page Limitation and deny the Motion for Leave to File Surreply.

### I. BACKGROUND

Plaintiff Sarah Dillard alleges claims of discrimination and hostile work under Title VII of the Civil Rights Act of 1964. Dkt. 1. Dillard filed a Motion to Compel, which was referred to the undersigned for disposition. *See* Dkt. 27. Defendants filed a Response to Plaintiff's Motion to Compel, Dkt. 28, that exceeded the page limits imposed by Local Rule CR-7, which allows only 10 pages for a response to a discovery motion. Plaintiff replied pointing out that error and moving to strike all pages of the Response that exceed the Local Rules' page-limit requirements. Dkt. 29, at 1-2.

Defendants now seek leave to exceed the page limitations and request that they be allowed to file a surreply. Dkts. 31, 32

## II. DISCUSSION

### A. Motion for Leave to Exceed Page Limitation

The Local Rules for the Western District of Texas provide that "[u]nless otherwise authorized by the court, a response to a discovery or case management motion is limited to 10 pages." Local Rule CR-7(d)(3). Despite that unambiguous rule, Defendants filed a 19-page response. Dillard urges the Court to strike all pages of the Response exceeding the page-limit requirements, arguing that it would be impossible for her to respond to all such arguments in a five-page Reply.

While the Court is sympathetic to Dillard's position, striking roughly half of Defendants' Response is too harsh a remedy. Accordingly, the Court will grant Defendants' Motion and extend its page limit from 10 to 19 pages. Because Defendants have been retroactively granted ten additional pages for their response, the Court will also grant Dillard 4 additional pages for her reply should she choose to amend her October 10, 2023, reply at Dkt. 38. Dillard is granted 7 days from the issuance of this order to submit her amended reply.

### B. Motion for Leave to File a Surreply

Under the Local Rules for the Western District of Texas, "A party may file a reply in support of a motion. Absent leave of the court, no further submissions on the motion are allowed." Local Rule CV-7(e)(1). "Accordingly, because neither the Federal Rules of Civil Procedure nor the Local Rules for the Western District of Texas provide for a right to a surreply, such filings 'are highly disfavored, as they usually are a

strategic effort by the nonmovant to have the last word on a matter.'" *Tijerina-Salazar v. Venegas*, No. PE:19-CV-00074-DC-DF, 2022 WL 1750474, at *2 (W.D. Tex. May 31, 2022) (quoting *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, No. 4:15-CV-00627, 2017 WL 3634215, at *2 (S.D. Tex. Apr. 28, 2015)).

"Leave to file a surreply may be granted in extraordinary circumstances on a showing of good cause." *Id.* (citation and internal quotation marks omitted). In making the determination, courts "should also weigh the interest of justice when deciding whether to permit a surreply." *Id.* (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 338 (5th Cir. 2017)). "Where a surreply is allowed, it is 'limited to addressing only new arguments raised for the first time by the opposing party in their reply briefing and not included in the original motion.'" *Id.* (quoting *Branch v. CEMEX, Inc.*, No. H-11-1953, 2012 WL 2357280, at *9 (S.D. Tex. June 20, 2012)).

Defendants have provided no reason for why they should be entitled to a surreply, much less extraordinary circumstances showing good cause. Additionally, the arguments included in Defendants' proposed surreply are duplicative of the arguments in its response. *Compare* Dkt. 32-1, at 1 ("Plaintiff Must Tailor Her Requests in Time and Scope") *with* Dkt. 28, at 15 ("The Requests Are Facially Overbroad"). Accordingly, Defednants' request for leave to file a surreply is denied.

### III.   CONCLUSION

For these reasons, **IT IS ORDERED** that Defendants' Motion for Leave to Exceed Page Limitations, Dkt. 31, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have leave to amend her Reply, that the Reply may be up to 9 pages, and that she has until 7 days after the issuance of this order to file her amended Reply.

**IT IS FINALLY ORDERED** that Defendants' Motion for Leave to File Surreply, Dkt. 32, is **DENIED**.

**SIGNED** on November 8, 2023.

                                                  DUSTIN M. HOWELL
                                                  UNITED STATES MAGISTRATE JUDGE