UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SARAH DILLARD, <br>    Plaintiff <br><br> vs. <br><br> INTERNACIONAL REALTY <br> MANAGEMENT, LLC, <br> L. MIGUEL ARCE, <br>    Defendants. | § § § § § § § § § § § | No. 1:22–CV–01215–DAE |

### ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE ORIGINAL COUNTERCLAIM

Before the Court is a Motion for Leave to File Original Counterclaim ("Motion to Amend") filed by Defendant Internacional Realty Management ("IRM" or "Defendant") on October 9, 2023. (Dkt. # 36.) Plaintiff Sarah Dillard ("Plaintiff") filed a Response on October 16, 2023. (Dkt. # 39.) Defendant filed a Reply on October 23, 2023. (Dkt. # 41.) On December 15, 2023, this matter was heard before the Court. After carefully considering the filings and the proceedings at the hearing, the Court **GRANTS** Defendant's Motion for Leave to File Original Counterclaim. (Dkt. # 36.)

After a court enters a scheduling order and the deadline to amend pleadings has passed, Federal Rule of Civil Procedure 16(b) governs whether a court should permit an amendment. See Marathon Fin. Ins., RRG v. Ford Motor

1

Co., 591 F.3d 458, 470 (5th Cir. 2009).  "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).  "Although the Fifth Circuit has not adopted an all-encompassing definition of good cause, it has required the plaintiff to at least show excusable neglect." Little v. Bank of New York Mellon, No. CV W-11-CA-00040, 2011 WL 13238323, at *1 (W.D. Tex. Aug. 19, 2011).  The moving party must show "good faith and some reasonable basis for non-compliance within the time specified." Id.

   For the reasons set forth at the hearing, Defendant has demonstrated that its failure to file a motion for leave on time was excusable neglect, and it is within the discretion of the Court to find good cause has been shown.

   Having established that there is good cause to amend, the Court proceeds to Federal Rule of Civil Procedure 15(a)'s factors for determining whether "justice so requires" that the motion be granted.  Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Relevant factors to consider in deciding whether to permit amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993).

As discussed at the hearing, as Defendant has not acted with bad faith or dilatory motive, and as there is no prejudice posed to Plaintiff, the Court finds that justice requires that Defendant's Motion to Amend be granted.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion for Leave to File Original Counterclaim. (Dkt. # 36.)

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, December 15, 2023.

_____
David Alan Ezra
Senior U.S. District Judge